IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARY EZELL, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE WRONGFUL
DEATH BENEFICIARIES OF JAMIESON
EZELL, JR.                                                                                    PLAINTIFF

VS.                                                                         CIVIL ACTION NO: 3:09CV125-D-D

EXIDE TECHNOLOGIES, INC., D/B/A
EXIDE TECHNOLOGIES AND GENUINE
PARTS COMPANY                                                                                DEFENDANTS

## OPINION DENYING MOTION TO DISMISS

Presently before the Court is Defendant's, Exide Technologies, Inc., d/b/a Exide Technologies (hereinafter "Exide") motion to dismiss (docket entry 6). Upon due consideration, the court finds that the motion should be denied.

The Plaintiff filed this wrongful death action on July 25, 2008, individually and as the personal representative of the wrongful death beneficiaries of Jamieson Ezell, Jr. One of the beneficiaries, Mr. Cedric Foster, resides in Georgia. Defendant Exide is a Delaware corporation and has its principal place of business located in the State of Georgia.

Defendant Exide filed the present motion to dismiss the Plaintiff's claims on January 4, 2010. The case was stayed awaiting a ruling on a motion to dismiss filed by Plaintiffs in the Circuit Court of Union County, Mississippi proceeding. The parties have informed the Court that the motion to dismiss was granted by the Circuit Court Judge in Union County, Mississippi and the case was dismissed. Therefore, the Court will address the pending motion to dismiss in the case *sub judice*.

In the pending motion, Exide argues the present cause of action should be dismissed because complete diversity does not exist pursuant to 28 U.S.C. § 1332. Exide first alleges that

Plaintiff dropped parties from the lawsuit to create diversity jurisdiction. Exide next argues that the alleged beneficiaries have asserted individual claims for recovery therefore their residences should be considered in determining diversity. Exide's final argument is that the filing of this lawsuit is contrary to Mississippi's wrongful death statute which provides that only one lawsuit may be filed seeking recovery based on wrongful death.

Exide's third argument that the present lawsuit is filed in violation of Mississippi's wrongful death statute is without merit. The state court case has been dismissed rendering this argument moot.

Exide's first two arguments are based on the same premise, diversity jurisdiction does not exist and accordingly, this Court does not have jurisdiction over the present matter. Pursuant to 28 U.S.C. § 1332 (a)(1), diversity jurisdiction is proper between citizens of different states. "For diversity purposes, citizenship means domicile." *Brown v. Mutual of New York Life Ins. Co.*, 213 F. Supp. 2d 667, 669 (S.D. Miss. 2002); *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) cert denied, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974).

Exide first claims that Plaintiff omitted non-diverse parties from the Complaint filed in this Court in an attempt to create diversity jurisdiction. Exide relies on the argument that the state court complaint and the Complaint before this Court are identical. Exide fails to provide any caselaw to support its position that the fact Plaintiff made a judgment call as to who to include as parties in the present action compared to the decision it made when filing the state court complaint relieves this Court of jurisdiction. The Court therefore finds this argument without merit.

Exide next claims that the individual wrongful death beneficiaries assert distinct claims and are seeking individualized recovery in paragraph 36 of the Complaint, which underlines the

damages suffered by the beneficiaries, making the individual beneficiary's place of domicile relevant in determining whether diversity of citizenship exists. Exide argues that Cedric Foster, one of the beneficiaries, is a resident of Georgia and Exide is also considered to be domiciled in Georgia and therefore they are non-diverse parties. Plaintiff, on the other hand, relies upon a case previously decided by this Court, *Conner v. Hardware*, 2007 WL 465650 (N.D. Miss. 2007), in stating only the representative's place of residence is considered for diversity purposes, accordingly there is complete diversity of citizenship.

28 U.S.C. § 1332(c) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ," thus the Plaintiff Representative Mary Ezell is deemed to be a citizen of the same state, Mississippi, as is the Decedent, with the Defendant Hardware being a citizen of Delaware and Georgia. Thus, it appears that complete diversity of citizenship is present between the parties, giving this court federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). However, Exide raises the issue of whether the beneficiary Cedric Foster's citizenship is to be considered in determining whether the prerequisites for federal diversity jurisdiction are present. Exide argues that the Court must go "beyond the named parties and consider the citizenship of the real parties in interest." *Hood v. Microsoft Corp.*, 428 F. Supp. 2d 537, 542 (S.D. Miss. 2006); *Savings Ass'n v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).

Under Mississippi's wrongful death statute, which is found at § 11-7-13 of the Mississippi Code, and pursuant to which this action was brought, an action to recover damages for wrongful death may be "brought in the name of the personal representative of the deceased person(s) for the benefits of all persons entitled under the law to recover . . ." Miss. Code Ann. § 11-7-13. That is precisely what occurred in this case as the Plaintiff brought this action in her

name on behalf of the wrongful death beneficiaries of Jamieson Ezell, Jr, including Cedric Foster. Cedric Foster did not file this action on his own behalf, but rather had it filed on his behalf by the Plaintiff, pursuant to Section 11-7-13.

The Fifth Circuit addressed a similar diversity question in *Bush v. Carpenter Bros, Inc*, 447 F.2d 707 (5th Cir. 1971), in which the administrator brought suit and joined the wrongful death beneficiaries. The defendants removed the case and the plaintiffs filed a motion to remand stating a lack of diversity. The Fifth Circuit concluded that a suit for wrongful death must, under Mississippi law, be either brought by the personal representative of the decedent or by the statutory beneficiaries and not by the personal representative and the beneficiaries jointly therefore the residence of the beneficiaries should be disregarded for diversity jurisdiction purposes. *Bush v. Carpenter Bros, Inc*, 447 F.2d 707, 711 (5th Cir. 1971); *see also Harris v. Johnson*, 345 F. Supp. 516, 517 (N.D. Miss. 1972) (holding that "when the personal representative of a decedent person brings an action under the Mississippi Wrongful Death statute, he is the real party in interest though not necessarily the person who will ultimately benefit from the recovery."); *Allen v. Baker*, 327 F. Supp. 706, 711 (N.D. Miss. 1968) (holding, in wrongful death action, that "[t]he fact that citizenship of some of those [non-plaintiff wrongful death beneficiaries] is the same as the citizenship of the defendant does not destroy complete diversity."). Accordingly, the Court finds that Cedric Foster's Georgia residency is irrelevant to the Court's determination of the parties' citizenship for diversity purposes; he is neither a named plaintiff nor the real party in interest and thus has no bearing on the court's determination of whether complete diversity of citizenship between the parties is present. The sole named plaintiff in this action, Mary Ezell as the representative, is the real party in interest and whose citizenship is solely relevant to the diversity inquiry.

The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is present - the matter in controversy exceeds the sum of $75,000.00[1], and is between citizens of different states. As such, the court possesses subject matter jurisdiction to adjudicate this cause and the Defendant's motion to dismiss is denied.

THEREFORE, it is hereby ORDERED that the Defendant's motion to dismiss (docket entry 6) is DENIED. Also pending is a motion to stay proceedings (docket entry 4), which is denied as moot.

SO ORDERED, this the 19th day of July, 2010.

Senior Judge

---

[1] The amount in controversy is not an issue in the present case.